# Morgan Lewis

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2025

**Hanna E. Martin**
Associate
+1.212.309.6716
hanna.martin@morganlewis.com

**MEMORANDUM ENDORSED**

October 21, 2025

<u>**VIA ECF**</u>

The Honorable Judge Gregory H. Woods
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>*Waiguchu v. Morgan Stanley & Co. LLC,*</u> Case No. 1:25-cv-07443-GHW

Your Honor:

We represent Defendant Morgan Stanley & Co. LLC ("Defendant" or "Morgan Stanley") in the above-referenced matter. We write to update the Court on discussions between the parties with respect to the scope of the issues to be briefed in Defendant's forthcoming Motion to Dismiss and to Compel Arbitration. *See* Dkt. 15.

Since the pre-motion conference, the parties have conferred, and Plaintiff has represented that she does not intend to challenge the validity of her Arbitration Agreement, only that the Ending Forced Arbitration Act ("EFAA") exempts Plaintiff's claims in this case from Arbitration. Based on this representation, Defendant intends to substantively brief the legal issue of whether Plaintiff fails to plausibly plead a claim of sexual harassment under the relevant law, and that Plaintiff's remaining claims should be compelled to arbitration. Because we understand there are no disputed issues of fact as to the latter, we respectfully request that the Court find Local Rule 56.1 inapplicable to Defendant's motion.

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

*/s/ Hanna E. Martin*
Hanna E. Martin

> To the extent the parties' have stipulated to the validity and enforceability of the Arbitration Agreement, such that the Court will not be required to evaluate any factual issues in order to resolve the motion, the parties need not provide a Local Rule 56.1 statement. In lieu of the 56.1 statement, the parties may submit a document stipulating to the pertinent facts. The Court highlights, however, that this letter does not state that the parties have stipulated to those facts--rather, only that Plaintiff "does not intend to challenge the validity" of the agreement, suggesting that they have not yet agreed to relieve Defendant of any initial burden to prove that fact. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 16.
>
> SO ORDERED.
>
> Dated: October 22, 2025                     _____
> New York, New York                          GREGORY H. WOODS
>                                             United States District Judge

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060        T +1.212.309.6000
United States                   F +1.212.309.6001